IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DON WILKIE, | : | No. 3:14cv462 |
| Plaintiff | : | (Judge Munley) |
| v. | : | |
| LUZERNE COUNTY and AMERICAN FEDERATION OF STATE, COUNTY, AND MUNICIPAL EMPLOYEES, | : | |
| Defendants | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Before the court for disposition is Defendant Luzerne County's (hereinafter "the County") motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). (Doc. 13). This motion is fully briefed and ripe for disposition. For the reasons stated below, the court will grant defendant's motion.

**Background**

The instant action arises from the County's alleged violations of the Americans with Disabilities Act (hereinafter "ADA" or "the Act"). Plaintiff worked for the County as an emergency operator. (Doc. 1, Compl. (hereinafter "Compl.") ¶ 19). Plaintiff suffers from the disabilities of diabetes and an anxiety disorder. (Id. ¶¶ 22-23). Plaintiff contends that the County denied his request for an accommodation for his disabilities –

1

to be excluded from mandatory overtime – to which he was entitled under the ADA.  (Id. ¶¶ 38-39).  Plaintiff further alleges that Defendant American Federation of State, County, and Municipality Employees (hereinafter "AFSCME") wrongfully denied his request to make use of AFSCME's sick bank.  (Id. ¶¶ 29-30).

The County terminated plaintiff's employment on May 22, 2012, ostensibly for incorrectly grouping emergency calls together.  (Id. ¶¶ 43, 46).  Plaintiff claims that this reason was pretextual, and that the real reason he was fired was because he sought an accommodation for his disability and he requested sick bank leave time.  (Id. ¶ 47).  Plaintiff filed this action on March 12, 2014, alleging violations of the ADA and Pennsylvania Human Relations Act (hereinafter "PHRA") for discrimination, failure to accommodate, and  retaliation.  He seeks compensatory and punitive damages, reinstatement, and backpay.  (Id. ¶¶ 58-73).  Defendant AFSCME filed an answer on May 8, 2014, and the County filed the instant motion to dismiss on May 16, 2014.

**Jurisdiction**

Because this case is brought pursuant to the Americans with Disabilities Act, 42 U.S.C. §§ 12101, et seq., the court has jurisdiction pursuant to 28 U.S.C. § 1331.  ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").  The court has supplemental jurisdiction

2

over plaintiff's state law PHRA claims pursuant to 28 U.S.C. § 1367(a). ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.").

**Legal Standard**

Defendant filed the instant motion to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The court tests the sufficiency of the complaint's allegations when considering a Rule 12(b)(6) motion. All well-pleaded allegations of the complaint must be viewed as true and in the light most favorable to the non-movant to determine whether, "'under any reasonable reading of the pleadings, the plaintiff may be entitled to relief.'" Colburn v. Upper Darby Twp., 838 F.2d 663, 665-66 (3d Cir. 1988) (quoting Estate of Bailey by Oare v. Cnty. of York, 768 F.2d 503, 506 (3d Cir. 1985)). The plaintiff must describe "'enough facts to raise a reasonable expectation that discovery will reveal evidence of' [each] necessary element" of the claims alleged in the complaint. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). Moreover, the plaintiff must allege facts that "justify moving the case beyond the pleadings to the next stage of litigation." Id. at 234-35. In evaluating the sufficiency of a complaint the

court may also consider "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994) (citations omitted). The court does not have to accept legal conclusions or unwarranted factual inferences. See Curay-Cramer v. Ursuline Acad. of Wilmington, Del., Inc., 450 F.3d 130, 133 (3d Cir. 2006) (citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997)).

**Discussion**

The County raises three issues in its motion to dismiss: (1) plaintiff's claims for punitive damages are not recoverable against the County; (2) compensatory damages, as demanded in Count II of the complaint, are not recoverable under 42 U.S.C. § 12203, the anti-retaliation provision of the ADA; and (3) plaintiff is not entitled to a jury trial on his retaliation claim under the ADA.

Plaintiff concedes that his claims for punitive damages are not recoverable against the County. (Doc. 17, Pl.'s Opp. Br. at 4). Plaintiff further concedes that if he is not entitled to compensatory damages under § 12203, then he is not entitled to a jury trial on his ADA retaliation claim. (Id. at 7). Therefore, the only contested issue remaining is whether compensatory damages are available for a claim brought under § 12203.

This question is simply stated, but the drafting of the ADA confounds simplicity, and so the answer requires the court to pick a careful path through a complex web of legislative language.

**I. The ADA**

The ADA, enacted in 1990, prohibits discrimination against individuals on the basis of a disability, and Title I of the Act, codified as 42 U.S.C. § 12111 et seq., specifically addresses discrimination within the employment context.  Section 12203 prohibits retaliation or threats against, interference with, or coercion or intimidation of any person who has brought an ADA claim or otherwise participated in a proceeding governed by the ADA.  § 12203(a).  The remedies set forth by the Act for violation of the anti-retaliation provision depend upon the context in which the underlying claim or proceeding began.  For a violation of § 12203 with respect to the employment context, as alleged in the instant matter, § 12203(c) provides that the remedies available are the same as those made available by the Act for discrimination in the employment context, set forth in § 12117.

Section 12117, however, fails to specify any particular remedies, but instead adopts the "powers, remedies, and procedures set forth in sections [42 U.S.C. §§ 2000e-4, e-5, e-6, e-8, and e-9] of the Civil Rights Act of 1964."  Those provisions create and empower the Equal Employment Opportunity Commission, and authorize the Commission, the Attorney

General, or an aggrieved person to file a civil suit to enforce the anti-discrimination measures of the ADA.

Section 2000e-5(g) is the only section named in § 12217 that contemplates an individual bringing a civil action, and the only one to provide remedies for such an action. Section 2000e-5(g) authorizes courts to grant "such affirmative action as may be appropriate, which may include, but is not limited to" reinstatement, with or without back pay, "or any other equitable relief as the court deems appropriate." It is therefore clear that on its own, as enacted, the ADA does not provide for money damages for either discrimination on the basis of disability or retaliation.

In 1991, the Civil Rights Act (hereinafter "CRA") was amended. The amendment, 42 U.S.C. § 1981a, expanded the remedies available to individuals bringing suit under the ADA to include compensatory and punitive damages. Section 1981a(a)(2) states, in relevant part:

> In an action brought by a complaining party under the powers, remedies, and procedures set forth in section 706 or 717 of the Civil Rights Act of 1964 [42 USCS § 2000e-5 or 2000e-16] (as provided in section 107(a) of the Americans with Disabilities Act of 1990 (42 U.S.C. 12117(a)) . . . ) against a respondent who . . . violated the requirements of . . . section 102 of the Americans with Disabilities Act of 1990 (42 U.S.C. § 12112), or committed a violation of section 102(b)(5) of the Act [42 USCS § 12112(b)(5)], against an individual, the complaining party may recover compensatory and punitive damages as allowed in subsection (b), in addition to any relief authorized by section 706(g) of the Civil

>Rights Act of 1964 [42 USCS § 2000e-5(g)], from the respondent.

Stated plainly, the amendment authorized the recovery of compensatory and punitive damages for an ADA Title I violation; that is to say for discrimination against an individual with a disability in the workplace. The remedies available under § 2000e-5(g) were expanded, but only with respect to violations of § 12112. Neither retaliation nor § 12203 were mentioned.

## II. Case Law

Courts have disagreed as to whether the 1991 amendment to the CRA has expanded remedies available under § 12203 to include money damages. Compare, e.g., Baker v. PPL Corp., No. 09-0428, 2010 WL 419417, *1 (M.D. Pa. Jan. 29, 2010) (finding that compensatory damages are not available under § 12203); Kramer v. Banc of Am. Secs. LLC, 355 F.3d 961 (7th Cir. 2004) (same); Greineder v. Masonic Homes of the R.W. Grand Lodge, No. 13-2376, 2014 WL 1632143 (E.D. Pa. April 23, 2014) (same); and Sink v. Wal-Mart Stores, 147 F. Supp. 2d 1085, 1100-01 (D. Kans. 2001) (same); with Edwards v. Brookhaven Science Assocs., LLC, 390 F. Supp. 2d 225 (E.D.N.Y. 2005) (finding compensatory damages are available for an ADA retaliation claim); Rhoads v. FDIC, No. 94-1548, 2002 WL 31755427, at *1-2 (D. Md. Nov. 7, 2002) (same); Ostrach v. Regents of the University of California, 957 F. Supp. 196, 200-01 (E.D. Cal. 1997) (same); Muller v. Costello, 187 F.3d 298 (2d Cir. 1999) (affirming award of

7

compensatory damages for ADA retaliation claim without examining whether damages were available under § 12203); Salitros v. Chrysler Corp., 306 F.3d 562, 570 (8th Cir. 2002) (same); and EEOC v. Wal-Mart Stores, Inc., 187 F.3d 1241 (10th Cir. 1999) (same).

The Ninth Circuit Court of Appeals has constructed the most compelling decision on this question in Alvarado v. Cajun Operating Co., 588 F.3d 1261 (9th Cir. 2009).  After examining the statutory language, and considering the various lines of reasoning followed by courts who found that § 12203 does allow for money damages, the Ninth Circuit held that the plain language of the statutes at issue makes clear that compensatory damages are not available for ADA retaliation claims.  Id. at 1268.  The court acknowledged, based on the legislative history, that "Congress intended a broad remedial purpose for the Civil Rights Act of 1991," but because the statute is unambiguous, "reference to the legislative history [would be] inappropriate." Id.

After careful examination of the statutes and case law, we find the reasoning of the Ninth Circuit persuasive, and hold that § 12203 does not make available compensatory damages for retaliation claims.  The ADA's remedial structure allows for an aggrieved individual to obtain only equitable relief, such as reinstatement and back pay.[1]  Thus, the court will

---

[1] From a policy perspective, this conclusion may not make a great deal of sense.  But it is not the court's role to rewrite an act of Congress.

grant the County's motion to dismiss plaintiff's claim for compensatory damages in Count II of the complaint.

**III. Jury Demand**

The court next addresses plaintiff's demand for a jury trial regarding Count II, plaintiff's ADA retaliation claim. The parties agree that if compensatory damages are not available for the retaliation claim, plaintiff is not entitled to a jury trial on that claim. The parties are correct.

Under the Seventh Amendment to the Constitution, a plaintiff's right to a jury trial is limited to "Suits at common law, where the value in controversy shall exceed twenty dollars." "'Suits at common law' refers to 'suits in which legal rights [are] to be ascertained and determined, in contradistinction to those where equitable rights alone [are] recognized, and equitable remedies [are] administered.'" Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry, 494 U.S. 558, 564 (1990).

> To determine whether a particular action will resolve legal rights, we examine both the nature of the issues involved and the remedy sought. First, we compare the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity. Second, we examine the remedy sought and determine whether it is legal or equitable in nature. The second inquiry is the more important in our analysis.

Id. at 565 (internal citations, quotation marks omitted).

---

This web is of the legislature's making; it is their province to change it.

9

Because only equitable remedies are available under § 12203, plaintiff has no right to a jury trial for an ADA claim of retaliation. The jury demand for Count II, therefore, will also be stricken.

**Conclusion**

For the reasons stated above, we conclude that compensatory damages are not recoverable under § 12203. Therefore, the County's motion to dismiss plaintiff's Count II claim for compensatory damages and jury demand under the ADA's anti-retaliation provision will be granted. The motion to dismiss plaintiff's claims for punitive damages against the County will also be granted, as it is unopposed.

As such, the claims contained in Counts I-VI against the County remain before the court, with the exception of all claims for punitive damages and the claim in Count II for compensatory damages. Counts VII and VIII, as against AFSCME, remain unchanged.

An appropriate order follows.

**Date:  10/6/14**                                                    **s/ James M. Munley**
                                                                                              **JUDGE JAMES M. MUNLEY**
                                                                                              **United States District Court**